# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLLE DIVISION

| | | |
|---|---|---|
| WORLD FUEL SERVICES (SINGAPORE) PTE LTD, | § § § | CIVIL ACTION NO. 1:20-cv-0047 |
| Plaintiff | § § | |
| V. | § § | |
| M/V KOTA BAHAGIA, her engines, tackle, appurtenances, etc., *in rem,* | § § § § | |
| Defendant | § | IN ADMIRALTY |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

Plaintiff, WORLD FUEL SERVICES (SINGAPORE) PTE LTD ("WFSS"), through undersigned counsel, files its Verified Original Complaint against the M/V KOTA BAHAGIA, *in rem*, and alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Jurisdiction of this Court exists pursuant to 28 U.S.C. § 1333.

2. Plaintiff is a company organized under the laws of the Singapore, with an address at 238A Thomson Road, # 08-01/10 Novena Square Tower A, Singapore 307684 (Registration no: 199501485M), and is a seller and supplier of fuels and fuel products for ocean-going vessels, including the fuel supplied to the M/V KOTA BAHAGIA, as more fully described below.  World Fuel Service (Singapore) Pte Ltd is an indirect and wholly owned subsidiary of World Fuel Services Corporation, a Florida corporation, with headquarters located at 9800 N.W. 41 Street, Suite 400, Miami, FL 33178, United States of America.

3. At all material times, the M/V KOTA BAHAGIA (the Vessel) was and still is an ocean-

going cargo vessel (IMO No. 9593672) flagged under the laws of Singapore and engaged in the carriage of goods by sea for hire between various foreign and domestic ports. The M/V KOTA BAHAGIA is now or will be during the pendency of process hereunder, within this district and within the jurisdiction of this Court.

4. At all material times, defendant M/V KOTA BAHAGIA was owned by PSI (2) Private Limited, and, on information and belief was chartered by THORCO PROJECTS A/S.

## VENUE & JURISDICTION

5. The Court has *in rem* jurisdiction over the Vessel because the Vessel is now or will be during the pendency of this action within this District and Division.

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

7. Venue is proper in this District pursuant to 28 U.S.C.1 1391(b).

## FACTS

8. Plaintiff WFSS sells and supplies fuel oil and lubricants to vessels.

9. On about January 29, 2020, THORCO PROJECTS A/S ("THORCO") as representative(s) authorized to bind the Vessel, contacted WFSS and ordered a total of approximately 950.000 to 1,000.000 metric tons of marine fuel (bunkers) for delivery to the M/V KOTA BAHAGIA at Hong Kong on February 2 or 3, 2020. WFSS confirmed the order and the bunker sale terms to THORCO via electronic mail on January 29, 2020 asking THORCO to "advise final quantity still tomorrow." WFFS's electronic confirmation of the bunker supply contract is attached to this Original Verified Complaint as Exhibit A and is fully incorporated by reference.

10. On about January 31, 2020, THORCO's representative(s) authorized to bind the Vessel, contacted WFSS and ordered a total of 950.000 metric tons of marine fuel (bunkers) for

delivery to the M/V KOTA BAHAGIA at Hong Kong on February 2 or 3, 2020. WFSS confirmed the "final quantity" order and the bunker sale terms to THORCO via electronic mail on January 31, 2020. WFFS's electronic confirmation of the bunker supply contract is attached to this Original Verified Complaint as Exhibit A1 and is fully incorporated by reference.

11. Both Exhibits A and A1, being WFFS contract confirmation(s) of the bunker sale to THORCO and the M/V KOTA BAHAGIA provides as follows:

> "All sales are on the credit of the vessel. Buyer is presumed to have authority to bind the vessel with a maritime lien. Disclaimer stamps placed by the vessel on the delivery receipt will have no effect and do not waive the Seller's lien.
>
> This confirmation is governed by and incorporates by reference the Seller's Marine Group of Companies General Terms and Conditions for the sale of marine fuel products and related services, including the law and jurisdiction clause therein, in effect as of the date that this confirmation is issued, unless alternative terms and conditions have been prior agreed in writing by and authorized representative of the Seller. The Seller's Marine Group of Companies General Terms and Conditions can be found at: https://www.wfscorp.com/Marine/pdf/Marine-Terms.pdf "

The incorporated seller's general terms and conditions are attached to this Verified Complaint as Exhibit B and are fully incorporated by reference. Both Exhibit A and A1 reference the physical supplier as Helmsman Supply Limited.

12. Upon information and belief, the Vessel was under charter to THORCO which entitled Plaintiff to reasonably believe that the Charterer was authorized to order goods and services for the Vessel. There was no notice given to Plaintiff that the Charterer could not bind the Vessel or the Owner.

13. On February 4, 2020, Plaintiff, through its previously designated physical supplier Helmsman Supply Limited, delivered 905.530 MT of MGO to the M/V KOTA BAHAGIA at Hong Kong, with delivery complete at 0545 hours on February 5, 2020. The total cost of the

bunkers delivered was US$515,246.57. *See* the Helmsman Supply Limited Bunker Delivery Note No. 4638, and WFSS's Invoice No. 324529-31501 dated February 5, 2020, attached as Exhibits C and D, respectively, and incorporated by reference.

14. As of the date of filing this Complaint, no part of the outstanding amount due under the WFFS's Invoice has been paid.

15. The non-payment for the Fuel constitutes a breach of the terms by which Plaintiff furnished the Fuel to the vessel.

16. Plaintiff's invoice provides that interest will accrue on all unpaid balances at the rate of two percent (2%) per month pro rata, and such interest was set to begin to accrue on April 5, 2020. See Exhibit D; *see also* Exhibit B at Paragraph 7(c). However, an acceleration notice was sent on April 2, 2020 based on Paragraph 7(g)(iii), 7(i) and 8(b). Additionally, there was a negotiated interest rate agreement calling for 0.8% per month pro rata. Therefore, as of the date of this Complaint, the amount of interest currently due to Plaintiff totals $406.55. *See* Plaintiff's April 6, 2020, Statement of Account, attached as Exhibit E and incorporated by reference.

17. Plaintiff's General Terms and Conditions which govern all bunker supply contracts it enters, including the subject contract in this matter, provide that this dispute is governed by the Maritime Law of the United States, and disputes over payment and collection may be resolved in the courts of any jurisdiction where the Vessel may be found. *See* Exhibit B at Paragraph 18.

18. Pursuant to the Federal Maritime Lien Act, 46 U.S.C. §31342 *et seq.*, WFSS, as a supplier of necessaries to the M/V KOTA BAHAGIA on orders of the vessel's charterer, is entitled to assert and foreclose a maritime lien on the M/V KOTA BAHAGIA in the principal amount of US$515,246.57, plus (accelerated) interest on the overdue principal balance in the amount of $271.03, legal interest and costs.

4

19. Plaintiff's General Terms and Conditions which govern all bunker supply contracts it enters, including the subject contract in this matter, provide that this dispute is governed by the Maritime Law of the United States, and disputes over payment and collection may be resolved in the courts of any jurisdiction where the Vessel may be found.  *See* Exhibit B at Paragraph 18.

20. WFSS has performed all obligations required of it pursuant to the terms and conditions of the bunker supply contract and all conditions precedent to WFSS recovering the losses and damages described herein have occurred or have been performed by WFSS and/or its predecessors in title.

21. Under the Federal Maritime Law and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, TRANS-TEC is entitled to arrest the Vessel to enforce its maritime lien.

22. On information and belief, on about April 4, 2020, the M/V KOTA BAHAGIA arrived at the Port of Brownsville, within this district.

23. All and singular, the premises of this Verified Original Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Plaintiff prays:

a. That Judgment be entered in favor of plaintiff WORLD FUESL SERVICE (SINGAPORE) PTE LTD and against defendant M/V KOTA BAHAGIA, her engines, tackle, apparel, etc., *in rem*, for all sums shown to be due and owing, together with interest, costs, *custodia legis* costs, and any other liquidated damages potentially available; and

b. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against Defendant M/V KOTA BAHAGIA, her engines,

tackle, appurtenances, etc., placing the Vessel under the arrest, custody and control of the United States Marshal of this District; and

c. That the Defendant M/V KOTA BAHAGIA, her engines, tackle, appurtenances, etc. and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid with interest, attorney's fees and costs, and *custodia legis* costs due Plaintiff as alleged herein; and

d. Plaintiff agrees to release and hold harmless, and indemnify the United States of America, the United States Marshal, any ordered substitute process server, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the Vessel; and

e. That Plaintiff may have such other, further and different relief as the Court deems just and proper.

        Respectfully submitted,

        W. SEAN O'NEIL, ATTORNEY AT LAW

        */s/ W. Sean O'Neil, Esq.*
        **W. Sean O'Neil**
        Attorney-in-Charge
        Texas State Bar No. 24033807
        Fed. Id. No. 24835
        1880 S. Dairy Ashford St., Suite 208
        Houston, Texas 77077
        Telephone:   (281) 496-0193
        Telefax:   (281) 496-0680
        Email:   wsoneil@wsolaw.com
        ***Attorney for Plaintiff***
        ***World Fuel Services (Singapore) Pte Ltd***

SWORN VERIFICATION STATEMENT OF GREGORY ZEMAITIS
UNDER PENALTY OF PERJURY
PURSUANT TO 28 USCA 1746

I, GREGORY ZEMAITIS, declare and state as follows:

- I, Gregory Zemaitis, am Vice President, Credit & Risk – Global Collections for the World Fuel Services Corporation Marine Group of companies that includes without limitation World Fuel Services, Inc. with an office at 9800 NW 41st Street, Suite 400, Miami, FL 33178 and World Fuel Services (Singapore) Pte Ltd with an office at 238A Thomson Road, #08-01/10 Novena Square Tower A, Singapore 307684 (Registration no: 199501485M). World Fuel Services, Inc. is a directly and wholly owned subsidiary and World Fuel Services (Singapore) Pte Ltd is an indirectly and wholly owned subsidiary of World Fuel Services Corporation, a Florida Corporation that is publicly traded on the New York Stock Exchange under the ticker symbol "INT" and whose headquarters is located at 9800 N.W. 41st Street, Miami, FL 33178. My duties include and I am authorized to make credit and collection decisions for and on behalf of each of the companies that comprise the World Fuel Services Corporation Marine Group of companies, and I am authorized to make this declaration/statement on behalf of World Fuel Services (Singapore) Pte Ltd (WFSS).

- I have read the Plaintiff's Verified Original Complaint.

- The allegations contained therein are verified because they are true and correct and based on my personal knowledge and review of information and documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*[signature]*

**GREGORY ZEMAITIS**
Vice President, Credit & Risk – Global Collections
World Fuel Services Corporation Marine Group of companies
to include without limitation World Fuel Services, Inc.
and World Fuel Services (Singapore) Pte Ltd